[Civ. No. 5449.   Third Appellate District.—January 16, 1936.]

ASSOCIATED CONSTRUCTORS, INC. (a Corporation), Appellant, v. ALFRED E. PAONESSA et al., Respondents.

George S. Hupp for Appellant.

Hal Hughes and Ralph D. Paonessa for Respondents.

PULLEN, P. J.—This is an appeal from a judgment wherein it was held that plaintiff take nothing as against defendants, and that cross-complainants Alfred E. Paonessa and Dorothy Paonessa recover judgment against plaintiff, for failure to construct a residence according to certain plans and specifications.

It appears that defendants Mr. and Mrs. Paonessa entered into a contract with plaintiff for the erection of a home. The lot upon which the structure was to be erected was irregular in shape and sloped sharply from the rear toward the front. The first dispute arose as to the location of the building upon the lot but this difference was finally settled by an engineer engaged for that purpose. The manner in which the foundations were laid, however, required a change in certain dimensions as originally agreed upon by the parties. During the progress of the building operations defendants were almost daily on the job, but after the work had been carried on about two months an architect was engaged to inspect the construction, who from that time on supervised the job. Shortly before plaintiff tendered the building to defendants the architect wrote to the builder requiring certain changes in the work, which were made.

The builder, appellant herein, insists that by the filing and recording of the notice of completion and the specification of certain particular errors in the construction of the building, the owners were estopped from complaining of other defects. The court found, however, in regard to the notice of completion, it was filed only for the purpose of starting the running of the lien time for the protection of the contractor and it was understood between the parties that such notice was not an admission of compliance with the contract or a waiver of any defects in the structure. The claim that respondents are precluded from making further objection to

the material and workmanship because the architect had pointed out some is likewise not tenable. There is nothing to show but what these additional defects might have occurred prior to the architect going on the job, and furthermore, after receipt of the letter from the architect the builder admitted all of the defects and agreed to correct the same.

Appellant also claims that the payment of the balance of the money remaining in the hands of Syndicate Mortgage Company after the completion of the structure constituted an acceptance by defendants and estopped them from complaining of defects in material or workmanship, but in that regard plaintiff had agreed to let the money covering the final payment remain in the custody of the syndicate until all lien claimants should have filed their claims and until adjustments could be made and agreed upon between the parties, but without the knowledge or consent, however, of defendants, plaintiff withdrew this money subsequent to this understanding.

Appellant cites several cases dealing with the duty of the owner to complain where the building is not in accordance with the specifications, but in the instant case there was no inspector until the job had been in the course of construction more than sixty days, and when complaint was made the builder admitted the justice of the complaint and agreed to remedy the defects.

We need not discuss the facts further nor review the citations set forth in the briefs. The court found the building was not constructed in accordance with the plans and specifications, some latent, others obvious, and enumerated a long list of such deflections, all of which the court found to exist, and which, according to the bill of exceptions, were either proven or admitted.

There are no particular principles of law involved and therefore, finding no legal ground for the objections of appellant, the judgment should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.